IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KEVIN N.,**
**Respondent Below, Petitioner**

**FILED**
**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-524**          (Family Ct. Berkeley Cnty. No. FC-02-2011-D-202)

**TARA L.,**
**Petitioner Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Kevin N.[1] appeals the Family Court of Berkeley County's October 13, 2023, final modification order that increased his child support obligation from $580.00 per month for two children to $833.00 per month for one child.[2] Tara L. did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for a memorandum decision. For the reasons set forth below, the family court's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

The parties were divorced by final order on July 28, 2011, in the Family Court of Berkeley County. Tara L. was granted primary custodial allocation of the parties' two minor children and awarded $601.00 in monthly child support. By order entered on May 3, 2016, child support was reduced to $380.00 per month because Kevin N. was providing all the transportation for custody exchanges.

On January 9, 2017, the family court again modified Kevin N.'s child support obligation. The court found that Kevin N. would have a child support obligation of $830.00

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Kevin N. is self-represented.

per month pursuant to the child support guidelines, but instead, deviated from the guidelines by finding the following:

> That since [Kevin N.] is providing 100% of the transportation for the children and because the [youngest] child is receiving SSI, the [c]ourt finds it appropriate to reduce [Kevin N.'s] child support obligation to [Tara L.] by $250; and therefore, [Kevin N.'s] child support obligation to [Tara L.] shall be $580 per month, beginning on 1 December 2016.

On July 25, 2023, Kevin N. filed a petition to modify the family court's January 9, 2017, order regarding child support. Kevin N. requested that the family court reduce or terminate his child support obligation since the parties' eldest child had reached the age of majority and would no longer be residing with Tara L.

On September 25, 2023, the family court held a final hearing on Kevin N.'s petition to modify child support. On October 13, 2023, after finding that the parties' eldest child had reached the age of majority, the family court entered a final order *increasing* Kevin N.'s child support obligation from $580.00 to $833.00 per month, effective September 1, 2023.[3] It is from this order that Kevin N. appeals.

When reviewing the order of a family court, we apply the following standard of review:

> In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*. Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of a family court order).

On appeal, Kevin N. assigns error to the family court's failure to consider that the previous child support obligation was reduced by deviating from the child support guidelines since the minor child received a Supplemental Security Income award ("SSI") and because Kevin N. provided all transportation for custody exchanges.

---

[3] The family court's order misstates that Kevin N. filed a petition for modification of *custodial responsibility* of the *December 5, 2016*, order. Kevin N.'s petition was for a modification of the order entered on January 9, 2017, regarding child support.

West Virginia Code § 48-13-702(a) (2001) allows family courts to deviate from the child support guidelines, stating, in part:

> If the court finds that the guidelines are inappropriate in a specific case, the court may either disregard the guidelines or adjust the guidelines-based award to accommodate the needs of the child or children or the circumstances of the parent or parents. In either case, the reason for the deviation and the amount of the calculated guidelines award must be stated on the record (preferably in writing on the worksheet or in the order).

However, before a child support obligation can be modified, the family court must first find that a substantial change in circumstances has occurred pursuant to West Virginia Code § 48-11-105 (2008).[4] Here, the family court's order did not expressly find that a substantial change in circumstances occurred.

Additionally, in *Skidmore v. Skidmore*, 225 W. Va. 235, 246, 691 S.E.2d 830, 841 (2010) (per curiam), the Supreme Court of Appeals of West Virginia held that a father who had not filed a separate petition for relief or asserted a counterclaim in response to mother's petitions for increased child support modification could not be granted downward child support modification. *Skidmore*, 225 W. Va. at 246, 691 S.E.2d at 841. The *Skidmore* Court explained that the statute governing child support modification required that a party must first make a motion for modification of a child support order before a court could consider the same, and there was nothing in the record to show that father made such a motion, except presumably by oral argument. *Id.*; *see also Ann L. v. Patrick J.*, No. 22-ICA-316, 2023 WL 4029109, at *2-3 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (applying *Skidmore* to find that a family court abused its discretion by modifying a father's child support obligation when he had not first filed a written motion or counterclaim seeking a modification).

Here, the record indicates that Kevin N. was the only party who filed a petition for a modification of child support. He requested that the family court either terminate or reduce his existing $580.00 monthly child support obligation because the parties' eldest child had reached the age of majority and was no longer residing with Tara L. The record shows that despite finding the parties' eldest child had reached the age of majority, the family court increased Kevin N.'s child support obligation from $580.00 per month for two children to $833.00 per month for one child. Critically, however, the record further reflects that Tara L. did not file her own motion or counterclaim regarding a modification of child

---

[4] West Virginia Code § 48-11-105 states, in part, that the family "court may modify a child support order . . . when a motion is made that alleges a change in the circumstances of a parent of another proper person or persons. . . . the order may be modified if there is a substantial change in circumstances."

support. Consistent with our holding in *Ann L.* and pursuant to *Skidmore*, we find that in child support modification proceedings, a party cannot be granted an increase of a child support award without first making the prerequisite motion for such relief. Therefore, the family court abused its discretion when it granted relief to Tara L. upon Kevin N.'s petition for modification by increasing Kevin N.'s child support obligation.

Regarding the family court's failure to address the child's SSI award, we significantly note, pursuant to West Virginia Code § 48-13-603(b) (2001),[5] an increase in child support could negatively impact the child's SSI eligibility. *See* 20 C.F.R. § 416.1104 (explaining the types of income, whether they are counted, and how certain types of income could reduce an individual's SSI award): 20 C.F.R. § 416.1124(c)(11) (setting forth that when an individual is considered a child, one-third of monthly child support payments are excluded in determining the SSI award). This Court has previously stated that "family courts must adhere to the laws governing the SSA when determining if a certain child support amount would render the SSI recipient ineligible for benefits." *Michael S. v. Angela S.*, No. 23-ICA-114, 2024 WL 1256192, at *5 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision).

Here, the family court's order makes no finding or analysis regarding the minor child's SSI award. Thus, we are unable to determine whether the family court's modified child support award renders the child ineligible for SSI, in contravention of West Virginia Code § 48-13-603(b). This Court has consistently held that family court orders must include specific findings of fact and conclusions of law to allow for a meaningful appellate review. We have stated the following:

> Family courts are required to include a detailed analysis of their findings of facts and conclusions of law so that other parties, other potential judges at the trial level, and other judges on the appellate level can understand the facts considered by the family courts and how they were weighed in the courts' evaluation and decisions. It is not an appellate court's position to speculate, assume, or infer what the family court may or may not have considered in its final decision. Although this Court is required to give a certain level of

---

[5] West Virginia Code § 48-13-603(b) states, in part:

> [i]f a child is a recipient of disability payments as supplemental security income for aged, blind and disabled, under the provisions of 42 U.S.C. § 1382, et seq., and if support furnished by an obligor would be considered unearned income that renders the child ineligible for disability payments or medical benefits, no child support order shall be entered for that child.

deference to the family court's factual findings and applications of law to fact, it is difficult to do so if the family court fails to articulate in its order the factors it considered and how they impacted the court's decision.

*Katherine A. v. Jerry A.*, 248 W. Va. 672, 683, 889 S.E.2d 754, 765 (W. Va. Ct. App. June 15, 2023); *see also Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013) (stating that a family court order must contain sufficient findings of facts and conclusions of law to facilitate a meaningful appellate review).

Although the family court's factual findings and analysis are inadequate, based on the foregoing, we find that the family court abused its discretion by modifying child support without first finding a substantial change in circumstances, by granting relief to Tara L. when she did not file her own petition or counterclaim for increased child support modification, and by failing to address the youngest child's SSI award.

Accordingly, we vacate the family court's October 13, 2023, order and remand the matter for further proceedings consistent with this decision.

Vacated and Remanded.

**ISSUED:** May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear